FLORENCE MARCHAND *vs.* LOUIS SELENGUT *et al.*

DECEMBER 17, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This suit in equity was begun by a bill of complaint filed against Louis Selengut and his brother Benjamin. The former being out of this state and his whereabouts being unknown, service of process against him was made by

publication only. He entered no appearance in the suit and a decree *pro confesso* was entered against him. The word respondent will hereinafter refer only to Benjamin Selengut.

According to the allegations of an amended bill filed by the complainant, which will hereinafter be referred to as her bill, she was then and had been for a period of some years the owner of a 25% interest, as a partner, in the assets and net profits of a certain business owned by her and Louis Selengut and carried on in this state under the name of William J. Davidson Company. But on August 1, 1941, the respondent, being then in control of the above-described business with the assent of Louis Selengut, who, as both the other parties admit, had left this state on October 1, 1940 and had never returned, excluded her from any participation in the business, its assets or profits, and he has continued thus to exclude her.

At the conclusion of her bill she prayed to have that interest of hers established, to have the partnership dissolved and an accounting had and to have her interest in the partnership paid to her; and she also prayed that two certain written instruments signed by her be decreed to be null and void.

The suit was heard by a justice of the superior court on her bill, the respondent's answer thereto, and her replication and on oral testimony and exhibits, no testimony being given by Louis Selengut. After the conclusion of the hearing this justice rendered a decision, in which he discussed at great length the evidence, some of it being very conflicting, and decided in favor of the complainant all the substantial issues raised by the pleadings and the evidence; and he held her to be entitled to all the relief prayed for.

A decree was entered granting this relief and the cause is now before us on the respondent's appeal from this decree, his reasons of appeal therein stated and relied upon before us being that the decree was against the law and against the evidence and the weight thereof.

According to the complainant's own testimony at the

hearing of this suit on its merits, she was, on July 29, 1939, in consideration of certain money contributed by her, a partner with Louis Selengut in the business and assets of William J. Davidson Company, to the extent of a 25% interest therein, and she had continued to have that interest to the time of the hearing. She testified that this partnership interest was evidenced by a written agreement executed by them on or about November 10, 1939.

She did not produce such an agreement at the hearing of the suit; but she explained its nonproduction by testifying that she kept it in her apartment in 'an "overnight bag"; that it was there, in that bag, on the evening of September 30, 1940, when Louis Selengut was present for a time; that she then left him alone for a few minutes in the room where it was kept and that some time later, after he had left the state the next day, she found that the bag had evidently been tampered with and that the agreement was gone and she had never seen it again.

Her testimony as to the existence of this executed agreement was supported by the testimony of her sister and another witness, both of whom testified that they had seen it. It was also supported by the testimony of an attorney that he had, at the request of Louis Selengut, drawn that or a very similar agreement in November, 1939, for execution by the latter and the complainant, though he did not know whether it had ever been executed by them.

The effect of this testimony in favor of the complainant was weakened somewhat by the facts that it was not confirmed by any entries in the account books of the business, which were kept by her, or its checks or bank accounts, and that the business was registered at the city hall in Providence in the name of Louis Selengut only and that in official reports filed as to the ownership and employees of the business he was described as its owner and she was described as an employee. These facts she explained on the ground that she was a silent partner.

In his decision, the trial justice discussed the evidence as

to her being such a partner in the business with a 25% interest therein. He found that upon consideration of certain money paid by her to Louis Selengut they entered into an agreement for such a partnership on or about July 29, 1939; that until October 1940, when he ceased to reside in this state, they both took active parts in the management; that a written agreement for such a partnership was entered into by them sometime in November 1939; and that this partnership was in effect when he left the state as aforesaid. On the conflicting evidence before him we cannot say that the trial justice was clearly wrong in any of these findings.

It was shown by the testimony of the complainant and that of the respondent that a few days before the middle of October 1940, he came to Providence and took over the principal management and control of the business of William J. Davidson Company, though he continued to live and to carry on a business in Brookline, Massachusetts; that when he took over such management and control, the complainant informed him that she was a partner with Louis Selengut in the William J. Davidson Company, though she did not then nor at any time show him any written evidence that she was such partner.

She testified that when she and the respondent first met in October 1940, he told her that his brother Louis had had a nervous breakdown and had had to leave this state and would not be back for a considerable period and that he was "taking over" the control of the business for Louis until the latter's return. The respondent denied making any such statement.

It was clearly proved at the hearing that, on the insistence of the respondent that she sign such written instruments or sever all connection with the business, the complainant executed and delivered to him two instruments dated December 27, 1940. The first of these was a bill of sale by her to him of all her right, title and interest in and to all the assets "of that firm trading as Wm. J. Davidson Co., at 34 Broadway in the City of Providence", reserving, however, any

right or claim which she might "have against Louis Selengut, the transferor of said property and said business to said Benjamin Selengut."

The second of these instruments was an agreement between her and the respondent that he, as the purchaser of that business, would employ her as office manager of it and that she would serve as such manager, until June 30, 1941, at a salary of $32 per week, provided that in case the business should be liquidated before that date her employment should terminate at the time of such liquidation. These two instruments are the ones which the complainant in her bill prayed should be decreed to be null and void, as above stated. In her bill she had alleged that he had procured her signature to them by fraud and misrepresentation practiced by him upon her and the attorney who had advised her concerning these instruments.

With regard to them the trial justice in his decision pointed out there was no real consideration for the execution by the complainant of the former of these instruments, since she was paid nothing for her 25% interest in the business and its assets and the latter instrument could not constitute any substantial consideration for the former one, since the salary which she was to receive thereunder as office manager was the same as she had been receiving as such manager and the agreement could be terminated by the respondent at any time by liquidating the business.

The complainant testified that when the respondent first talked with her in October 1940 about the business, he told her that he was merely looking out for Louis's interest during the latter's absence and claimed no personal interest in it; that just before Christmas 1940 he told her that he would probably have to put money into the business during Louis's absence and wanted to be protected, if he did so; that her interest would be protected at all times; that she was not surrendering any of her interest and that when Louis returned, the business would go back to the original standing of Louis and her being partners.

The trial justice also discussed the testimony of the attorney who advised the complainant with regard to these two instruments; and he found that the advice of this attorney, that she could safely sign the bill of sale, was caused by certain false statements to him by the respondent and the concealment from him by the latter of certain material facts; and that this attorney therefore believed that the complainant's interests would be fully protected, if the bill of sale contained a reservation of all her rights against Louis Selengut, and advised her to that effect.

After discussing the pertinent evidence and stating that where her testimony was in conflict with that of the respondent he believed her testimony, the trial justice held that the signatures of the complainant to this bill of sale and the employment agreement were "clearly" induced by fraud and misrepresentation and concealment by the respondent and by mistake on her part, and that the two instruments should be cancelled. From the language of the trial justice we infer that he applied the rule of clear and convincing evidence; and .upon examination of the conflicting evidence on the subject we cannot say that he was clearly wrong in his conclusion.

These instruments being held to be invalid, the trial justice decided that the complainant was entitled to the relief prayed for in her bill; and the decree appealed from was entered accordingly. After consideration of the pleadings in the suit, the evidence submitted, the decision of the trial justice and the final decree, we see no good reason for sustaining any of the reasons of appeal stated by the respondent.

The appeal of the respondent Benjamin Selengut is denied and dismissed; the decree appealed from is affirmed; and the cause is remanded to the superior court for further proceedings.

*Everett D. Higgins,* for complainant.

*Robinson & Robinson, Joseph E. Adelson,* for respondent.